Mr. Justice Huger
delivered the opinion of the court.
The insolvent debtor’s act provides not only for the debtor, but the bona fide creditor. It it liberates the one from imprisonment, it secures to the other the property of the debtor. To effect the last, it requires of the debtor a return on oath of all his property; and of the creditor, secured by assignment, mortgage or conveyance, in trust of any property, a statement on oath of the monies bona fide due. (Grimke P. L. 249.) The object of this requisition is, to defeat fraudulent assignments, mortgages and conveyances, in trust. The 4th clause of the act goes on to declare, that if the estate so conveyed shall be more than sufficient to satisfy the debt bona fide due, the court is required to order the trustees or either of them, (and the assignees are declared to be trustees in the preceding clause,) to sell such estate within twelve months thereafter ; and the monies arising from such sale, shall be first applied to the discharge of the sum due to the assignee, mortgagee or other person or persons, to whom such conveyance was made, and the residue shall be applied in like manner qr, *399 tbe other part of the debtor’s estate. The fib clause of the act declares, that the assignee, mortgagee, or such person to whom any conveyance shall have been made as aforesaid, that is to secure the payment of a debt, shall not appear before the court at the time appointed for the appearance of the creditors, and shall make oath of the bona fide debt due such assignment, mortgage or conveyance in trust, shall be deemed fraudulent, in this case, the creditor, secured by mortgage, not having proved his debt in the manner prescribed by the act, has lost his lien. The motion must therefore be discharged.
Justices Nott, Johnson, Gantt and Colcock, concurred.